## DAVID E. GREENSTINE v. FERDINAND BORCHARD.

*Contract—Extrinsic understandings—Evidence of usage.*

A cabinet-maker agreed with a customer, in writing, to build for him a walnut counter. The customer, finding that the top and door-panels were merely stained whitewood, sued him. *Held,* that defendant could not give evidence of any extrinsic understanding, nor show that it was customary to use whitewood in the manufacture.

Error to Wayne. (Chambers, J.)    April 17.—April 25.

ASSUMPSIT.    Defendant brings error.    Affirmed.

*Sands F. Moore* and *Henry M. Duffield* for appellant. Terms in a contract can be explained by parol evidence, such as inhabitant, level, thousands, per, freight : 1 Greenl. Ev. 280 ; faced and furrowed millstones : *Cooper v. Cleghorn* 50 Wis. 113 ; cargo of cocoanuts : *Eneas v. Hoops* 42 N. Y. Sup. Ct. 518 ; dollars : *Thorington v. Smith* 8 Wall. 12 ; wrought and unwrought marble : *Bancroft v. Peters* 4 Mich. 619 ; No. 1 log: *Busch v. Pollock* 41 Mich. 67 ; agent : *Whittemore v. Weiss* 33 Mich. 351 ; an unqualified acceptance is final and conclusive, waiving all defects and raising an impassable bar to any claim for non-conformance with the contract: *Reed v. Randall* 29 N. Y. 358 ; *Hargous v. Stone* 5 N. Y. 87 ; *McCormick v. Sarson* 45 N. Y.

265 ; *Dutchess Company v. Harding* 49 N. Y. 324 ; *Gaylord Mfg. Co. v. Allen* 53 N. Y. 515 ; *Pease v. Copp* 67 Barb. 142 ; *Olson v. Mayer* 14 N. W. Rep. 640.

*Weeks & Randall* and *F. A. Baker* for appellee.    A usage or custom which contradicts the written contract of the parties cannot be admissible under the pretext of explanation : *Erwin v. Clark* 13 Mich. 18 ; *Harvey v. Cady* 3 Mich. 431 ; a clear, certain and distinct contract is not liable to modification by proof of a custom : *Allen v. Dykers* 3 Hill 593 ; custom can no more be set up against the clear intention of the parties than it would against their express agreement : 1 Waite's Actions 128 ; if it be inconsistent with a contract, it cannot be received in evidence to affect it : *Barnard v. Kellogg* 10 Wall. 390 ; *Collender v. Dinsmore* 55 N. Y. 200–208 ; *Bradley v. Wheeler* 44 N. Y. 495–500 ; the incident sought to be imported into the contract must not be inconsistent with its express terms or any necessary implication from those terms : *Wigglesworth v. Dallison* 1 Smith's Lead. Cas. (6th Am. ed.) 670.

GRAVES, C. J.    Borchard agreed in writing to build for Greenstine a walnut counter, with zinc-lining, cupboard and mirror top, with mirror plate, for $227.50.

Borchard made an article which seemingly answered the description, and it was delivered and set up in Greenstine's saloon and he paid the contract price for it.    It was stained and looked like walnut, and the plaintiff supposed it to be of that wood.    But in the course of a week something fell on it and bruised it, and it was then revealed that the top and door-panels and some other parts were merely whitewood, and so stained and finished as to resemble walnut.    The plaintiff, relying on defendant's agreement to make a walnut counter for the payment of the agreed price, contended that the article supplied, set up and paid for, was not a walnut counter, but an article composed of different and cheaper materials, and he brought this action for his damages arising from the alleged breach.    He recovered $40, and error is brought by Borchard to reverse that recovery.

The case stands on narrow grounds. The doctrine of rescission has no application. The contract is the foundation of the action and the terms are plain. The parties saw fit to specify in writing what it was to which they agreed, and no extrinsic understanding at the time could be admitted. The case is the simple one of a suit against the manufacturer for damages, because an article made for the customer, according to a written undertaking to make one of a kind particularly specified, is found, after delivery and payment, to be of inferior materials and of inferior value.

The defendant claimed that under his agreement he was at liberty to put in whitewood where he did so, and to sustain this contention he offered evidence to the effect that it is usual and customary for manufacturers, where customers bargain for walnut counters, to make the panels or other parts where it would be especially desirable and important to have the wood firm, hard and rich, of mere whitewood. The judge excluded the evidence.

The ruling was correct. The effect of such evidence, if any, must have been to derogate from the intent of the plaintiff and to defeat a right secured to him by the contract.

There is no error and the judgment is affirmed with costs.

The other Justices concurred.