INDEPENDENCE TOWNSHIP v RELIANCE BUILDING COMPANY

*Docket No. 101909. Submitted June 27, 1988, at Detroit. Decided February 21, 1989.*

The Charter Township of Independence solicited bids for the construction of a fire station pursuant to specifications prepared by G. H. Forbes Associates Architects. Under the specifications, offers were to be nonrevocable for a period of thirty days and acceptance of an offer was to be made upon "formal notice of intent . . . duly served upon the intended awardee." Reliance Building Company submitted a bid accompanied by a surety bond issued by Hartford Accident and Indemnity Company. More than thirty days elapsed before the Independence Township Board decided to award the contract to Reliance, which responded by withdrawing its bid, claiming that it had received no formal notice of intent to accept within the thirty-day period of acceptance. Independence Township thereafter accepted a bid by a another construction company and brought an action in Oakland Circuit Court against Reliance and Hartford Accident and Indemnity Company for breach of contract. The trial court, Norman L. Lippitt, J., granted summary disposition in favor of defendants, ruling that plaintiff had failed to state a claim on which relief can be granted and that there were no genuine issues of material fact and defendants were entitled to judgment as a matter of law. Plaintiff appealed.

The Court of Appeals *held:*

Here, where the specifications were clear and unambiguous in providing that offers were to be nonrevocable for thirty days and acceptance was to be made by formal notice to the awardee, the trial court did not err in preventing plaintiff from introducing evidence of industry custom and practice with regard to acceptance of offers and in finding that no contract between the parties arose since Reliance's offer was not accepted in conformance with the terms of the specifications.

Affirmed.

REFERENCES

Am Jur 2d, Contracts §§ 18, 31, 41, 44, 241, 251.
See the Index to Annotations under Contracts.

1. CONTRACTS — MUTUALITY.
    No contract can arise except on the expressed mutual assent of the parties.

2. CONTRACTS — OFFER — ACCEPTANCE.
    No contract is formed unless an acceptance is unambiguous and in strict conformance with the offer.

3. CONTRACTS — JUDICIAL CONSTRUCTION.
    Clear and unambiguous language of a contract is to be construed according to its plain meaning.

4. CONTRACTS — JUDICIAL CONSTRUCTION — INDUSTRY CUSTOM AND PRACTICE.
    Evidence of custom and practice in an industry is not admissible in proceedings related to the construction of a contract common to the industry where the contract is not ambiguous.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Gerald A. Fisher* and *Joan A. Bacon*), for plaintiff.

*Kemp, Klein, Umphrey, Endelman & Beer, P.C.* (by *Raymond L. Morrow*), for defendants.

Before: MICHAEL J. KELLY, P.J., and MAHER and M. WARSHAWSKY,* JJ.

M. WARSHAWSKY, J. Plaintiff Charter Township of Independence appeals as of right from a June 29, 1987, order of summary disposition entered in the Oakland Circuit Court pursuant to MCR 2.116(C)(8) and (10). Plaintiff's complaint for breach of a construction contract against defendants was dismissed. We affirm the circuit court.

Plaintiff Independence Township advertised for bids for the construction of Fire Station No. 2, in accordance with architectural plans and specifications prepared by G. H. Forbes Associates Architects. According to the specifications, bidders were invited to submit offers, the offers were irrevocable

---

* Circuit judge, sitting on the Court of Appeals by assignment.

for a period of thirty days and, pursuant to § 13.1, acceptance would be made upon "formal notice of intent . . . duly served upon the intended awardee by the Owner or Architect."

On about June 16, 1986, defendant Reliance Building Company submitted a bid proposal to undertake the project for the base-bid price of $487,500. Attached to Reliance's bid proposal was defendant Hartford Accident and Indemnity Company's surety bond. Shortly thereafter, Reliance was informed that it was the low bidder. The president of Reliance, Alfred T. Deptula, however, informed plaintiff's architect, G. H. Forbes, that he had inadvertently omitted the structural steel subcontract from the base bid and requested that Reliance be excused from its offer. On June 20, 1986, a meeting was held during which Deptula and Forbes discussed issues with respect to construction estimates for the project, particularly the masonry, concrete, carpentry, and structural steel subcontracts. On June 24, 1986, Deptula advised Forbes that he had substantially reduced some of his subcontracts and that Reliance was prepared to enter into a contract with plaintiff in the amount of their original bid proposal. On June 27, 1986, Forbes mailed a letter and ten sets of construction documents to Reliance together with its bid deposit.

On July 22, 1986, more than thirty days after Reliance had submitted its bid, the matter was considered by the township board. The board approved awarding the contract for construction of the fire station to Reliance. However, on August 5, 1986, Deptula sent a letter to the township fire department advising that Reliance was formally withdrawing its bid because the thirty-day acceptance period had lapsed. Plaintiff was required to contract with another party, O'Brien Waterford

Construction Company, to perform the work for a sum of $522,000. Plaintiff mailed O'Brien Waterford Construction Company a "formal notice of intent" on October 15, 1986.

On February 25, 1987, plaintiff commenced this breach of contract action in the Oakland Circuit Court. Plaintiff alleged that defendant had been formally awarded the contract by plaintiff's acceptance letter of June 27, 1986. Plaintiff further alleged that, as a customary and standard practice in the industry, the mailing of the ten sets of construction documents to the low bidder, together with the bid deposit, constituted notice to defendants that they had submitted the low bid and, thus, had been awarded the contract, and that defendants' attempt to withdraw the bid on August 5, 1986, constituted a breach of contract with plaintiff. Plaintiff alleged damages in the amount of $32,500, reflecting the difference between Reliance's bid and the amount plaintiff was required to pay for the performance of the contract.

In granting defendants' motion for summary disposition, the trial court found that defendants had not received "formal notice of intent" in accordance with § 13.1 of the plans and specifications prepared by G. H. Forbes Associates. The court stated that § 13.1 was not ambiguous and should be resolved in favor of defendants and against the drafter, Independence Township.

On appeal, plaintiff argues that the trial court erred in granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). Plaintiff contends that "formal notice" has no determined legal meaning and thus it is necessary to look to the customary and standard practice in the industry to determine its legal effect. Plaintiff argues that, in light of the dispute concerning the meaning of "formal notice," a genuine issue of

material fact is present, and therefore summary disposition was improper.

A motion for summary disposition under MCR 2.116(C)(8), failure to state a claim upon which relief can be granted, tests the legal sufficiency of plaintiff's pleading. The appropriate test is whether plaintiff's claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. *Abel v Eli Lilly & Co,* 418 Mich 311, 323-324; 343 NW2d 164 (1984), cert den sub nom *E R Squibb & Sons v Abel,* 469 US 833; 105 S Ct 123; 83 L Ed 2d 65 (1984).

Under MCR 2.116(C)(10), no genuine issue of material fact, the trial court is to review the entire record to determine whether the nonmoving party has presented facts to support the claim or defense. The trial court must give the benefit of any reasonable doubt to the nonmoving party in deciding whether a genuine issue of material fact exists. Before judgment may be granted, the trial court must be satisfied that it is impossible for the claim to be supported by evidence at trial. *Rizzo v Kretschmer,* 389 Mich 363, 371-372; 207 NW2d 316 (1973).

Plaintiff contends that § 13.1 of the specifications, which governed acceptance of bids by formal notice of award, was ambiguous, thereby creating a factual dispute. It is plaintiff's position that the June 27, 1986, letter constituted a formal acceptance in conformance with customary and standard industry practice. Thus, plaintiff argues that testimony as to customary practices within the industry was necessary to resolve the ambiguity. We disagree.

Section 13.1 of the specifications submitted to the bidders provided:

13. *Notice of Award*

13.1 The contract shall be deemed as having been awarded when formal notice of intent shall have been duly served upon the intended awardee by the Owner or Architect.

Before a contract can be completed, there must be an offer and acceptance. *Dudley A Tyng & Co v Converse,* 180 Mich 195; 146 NW 629 (1914). No contract can arise except on the express mutual assent of the parties. *Woods v Ayres,* 39 Mich 345, 351 (1878); *Brown v Considine,* 108 Mich App 504, 507; 310 NW2d 441 (1981). Unless an acceptance is unambiguous and in strict conformance with the offer, no contract is formed. *Dassance v Nienhuis,* 57 Mich App 422, 431; 225 NW2d 789 (1975). We are bound to construe an unambiguous agreement according to its plain meaning. *Friske v Jasinski Builders, Inc,* 156 Mich App 468, 472-473; 402 NW2d 42 (1986).

In this case, we find § 13.1 of the specifications to be clear and unambiguous, and we therefore must construe the language according to its plain meaning. *Friske, supra.* This finding is supported by the fact that on July 22, 1986, more than thirty days after defendant Reliance had submitted its bid, the matter was considered by the township board which then formally approved awarding the contract to defendants. Further, the June 27, 1986, transmittal, upon which plaintiff relies, did not contain language that Reliance had been awarded the contract nor did it specify which bid was accepted. We note that Reliance's bid proposal provided for a base bid in addition to two alternative proposals. Moreover, when plaintiff "rewarded" the contract to O'Brien Waterford Construction Company, it sent O'Brien a "formal notice of intent" expressly providing that O'Brien

had been formally awarded the contract. We note that where a contract is not ambiguous, evidence of custom and practice in an industry is not admissible. *Greenstine v Borchard,* 50 Mich 434; 15 NW 540 (1883); *Ditzik v Schaffer Lumber Co,* 139 Mich App 81, 89; 360 NW2d 876 (1984). Thus, the trial court properly denied plaintiff's request to present testimony concerning industry practices. Consequently, it would be impossible for plaintiff's claim to be supported at trial and, therefore, summary disposition was appropriate.

Plaintiff next argues that, regardless of the prescribed mode of acceptance, manifestations of assent between the parties resulted in a valid binding contract. Plaintiff argues that manifestations of assent by Reliance included notice to defendant that it was the low bidder, a request by defendant to be relieved of the contract due to errors in calculation and later assurances by defendant that it would perform its obligations under the contract. In addition, defendant proceeded to the site and made a request for further assistance in locating certain corner pins. We find this argument to be without merit.

In this case, defendant Reliance was the offeror of its bid while plaintiff was the offeree under the terms of plaintiff's specifications. Thus, it is plaintiff which failed to accept in the manner prescribed and any manifestations by defendant served only to substantiate its offer. Because no contract is formed until an acceptance is made in strict conformance with the offer, *Dassance, supra,* there is no merit to plaintiff's argument. As plaintiff prescribed the exclusive manner of acceptance, any attempt on its part to accept defendants' bid offer in a different manner failed to bind defendants in the absence of a meeting of the minds on the altered type of acceptance.

We conclude that the circuit court correctly granted summary disposition in favor of the defendants.

Affirmed.