PAKIDEH v FRANKLIN COMMERCIAL MORTGAGE GROUP, INC

Docket No. 149804. Submitted April 5, 1995, at Detroit. Decided September 29, 1995, at 9:10 A.M.

Khalil Pakideh brought an action in the Oakland Circuit Court, Francis X. O'Brien, J., against Franklin Commercial Mortgage Group, Inc., alleging conversion of a loan commitment fee. The jury returned a verdict of no cause of action. The plaintiff appealed, claiming that the trial court erred in denying his motions for a directed verdict and judgment notwithstanding the verdict and by awarding costs and attorney fees to the defendant.

The Court of Appeals *held:*

1. The trial court erred in denying the plaintiff's motions. No contract was formed between the parties because the plaintiff, by failing to sign, date, and return the commitment letter by a certain date and pay the commitment fee by the same date, as required by the terms of the commitment, had not accepted the defendant's offer of a loan. The commitment expired and was not extended pursuant to its terms.

2. The plaintiff's failure to object to jury instructions about implicit acceptance did not waive the claim of nonacceptance. The defendant was entitled to an instruction regarding implicit acceptance as its theory of the case.

3. Because the plaintiff was entitled to judgment as a matter of law, the award of costs and attorney fees to the defendant must be reversed.

Reversed.

1. CONTRACTS — OFFERS AND ACCEPTANCES.

Before a contract can be completed, there must be an offer and acceptance; unless an acceptance is unambiguous and in strict compliance with the offer, no contract is formed.

2. CONTRACTS — OFFERS — EXPIRATION.

An offer comes to an end at the expiration of the time given for its acceptance.

REFERENCES
Am Jur 2d, Contracts §§ 41, 54, 86; Trial § 1231.
See ALR Index under Instructions to Jury; Offer and Acceptance.

3. Jury — Instructions — Theory of Case.
  On request of a party, a trial court must instruct a jury with
    regard to the party's theory of the case (MCR 2.516[B][3]).

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Robert W. Powell*), for the plaintiff.

*Mason, Steinhardt, Jacobs & Perlman* (by *Randolph J. Friedman* and *Jonathan B. Frank*), for the defendant.

Before: Cavanagh, P.J., and Jansen and D. C. Kolenda,* JJ.

Per Curiam. Plaintiff appeals as of right from a jury verdict of no cause of action in this conversion action. We conclude that the trial court erred in denying plaintiff's motions for a directed verdict and judgment notwithstanding the verdict, and we therefore reverse.

Plaintiff seeks to recover $52,500 given to defendant during the negotiation of a commercial loan. In August 1987, plaintiff sought to obtain a loan from defendant in order to finance the purchase of an interest in an apartment complex. After obtaining relevant information from plaintiff, defendant sent plaintiff a commitment letter dated December 2, 1987. In the commitment letter, defendant offered to loan plaintiff $3 million on specified terms. Defendant indicated that it required a commitment fee of two percent, or $60,000. After a telephone conversation between plaintiff and Ean Kerr, defendant's vice president, defendant agreed to reduce the commitment fee to $52,500.

The commitment letter contained the following term:

> 24. *Expiration:* Please indicate your acceptance of the terms of this commitment by signing the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

original and one copy of this commitment in the space provided below, initialing and dating all attached pages and exhibits and returning the same to Franklin. This commitment shall expire if not returned to Franklin by December 16, 1987, and closed within sixty (60) days thereafter, unless formally extended by Franklin and payment of an appropriate extension fee [sic]. Please remit the appropriate commitment fee when returning this document.

Plaintiff never signed or returned the commitment letter. However, on December 30, 1987, plaintiff paid defendant $52,500. At trial, the parties presented conflicting evidence regarding plaintiff's motive for the payment. Plaintiff testified that Kerr requested the remittance as a "good faith deposit" while the parties continued to negotiate the terms of the loan. Kerr testified that when he called plaintiff to find out why plaintiff had paid the fee without returning the signed commitment letter, plaintiff had told Kerr that he intended to sign the letter after conferring with his attorney.

The loan negotiation subsequently stalled, in part because plaintiff was having trouble clearing the title to the apartment complex. In August 1988, the parties renegotiated the terms of the commitment to reflect decreasing interest rates and because plaintiff wanted to borrow a larger amount. On August 8, 1988, defendant issued a revised commitment letter. However, the parties were unable to agree on the terms, and in November 1988, plaintiff demanded the return of the $52,500. Defendant informed plaintiff that the money was not a deposit, but rather a non-refundable commitment fee. Although the parties engaged in additional negotiations, they were unable to agree on loan terms, and in early 1989 plaintiff obtained a loan from another company.

On September 13, 1989, plaintiff filed the instant action, claiming that defendant had unlawfully converted plaintiff's money to its own use. Defendant defended by contending that plaintiff had impliedly accepted the terms of the original commitment letter. A jury returned a verdict of no cause of action. On appeal, plaintiff argues, inter alia, that the trial court erred in denying his motions for a directed verdict and judgment notwithstanding the verdict.

In reviewing the denial of a motion for a directed verdict, this Court examines the evidence presented in the light most favorable to the plaintiff and gives the plaintiff the benefit of every reasonable inference that may be drawn from the evidence. If reasonable minds could differ in regard to whether the plaintiff has met the burden of proof, a motion for a directed verdict should be denied. *Rynerson v Nat'l Casualty Co,* 203 Mich App 562, 564; 513 NW2d 436 (1994).

In reviewing a trial court's failure to grant a defendant's motion for judgment notwithstanding the verdict, we examine the testimony and all legitimate inferences that may be drawn in the light most favorable to the plaintiff. If reasonable jurors could honestly have reached different conclusions, neither the trial court nor this Court may substitute its judgment for that of the jury. *Thorin v Bloomfield Hills Bd of Ed,* 203 Mich App 692, 696; 513 NW2d 230 (1994).

The issue presented in this case is whether a valid contract was formed. Plaintiff argues that a contract was never made because he never accepted defendant's offer in accordance with the terms of that commitment, which required that he sign, date, and return the commitment letter and pay the commitment fee by December 16, 1988. Defendant asserts that plaintiff impliedly accepted

the terms of the commitment letter by tendering a check for the amount of the commitment fee and by subsequently making inquiries about completing the transaction.

Before a contract can be completed, there must be an offer and acceptance. Unless an acceptance is unambiguous and in strict conformance with the offer, no contract is formed. *Independence Twp v Reliance Building Co,* 175 Mich App 48, 53; 437 NW2d 22 (1989). If an offer does not require a specific form of acceptance, acceptance may be implied by the offeree's conduct. *Ludowici-Celadon Co v McKinley,* 307 Mich 149, 153; 11 NW2d 839 (1943).

Where contractual language is clear, its construction is a question of law and is therefore reviewed de novo. Contractual language is construed according to its plain and ordinary meaning, and technical or constrained constructions are to be avoided. *SSC Associates Ltd Partnership v General Retirement System of Detroit,* 210 Mich App 449, 452; 534 NW2d 160 (1995).

Defendant asserts that the commitment letter was ambiguous regarding whether the method of acceptance contained in it was exclusive. We disagree. The specificity of the requirements set out in the letter compel a finding that defendant intended those requirements to be the exclusive means of accepting the offer. The commitment letter expressly and unambiguously required that plaintiff sign the letter, date it, and return it with the commitment fee by December 16, 1987. We reject defendant's implication that a required method of acceptance cannot be exclusive unless it is explicitly labeled as such.

The commitment letter required that the offer be accepted by December 16, 1987. An offer comes to an end at the expiration of the time given for

its acceptance. *Burton v Ladd,* 211 Mich 382, 386; 178 NW 774 (1920); 1 Williston, Contracts (4th ed), § 5:5, p 651. It is undisputed that plaintiff did not tender any money until December 30, 1987, and never signed the commitment letter.

Defendant asserts that it was entitled to waive any of the terms of its offer. However, an offeror cannot waive the lapse of his offer simply by choosing to disregard it. 1 Farnsworth, Contracts, § 3.19, p 256. Moreover, the commitment letter expressly delineated alternative requirements in the event that defendant waived the expiration date. There is no indication in the record that defendant formally extended the offer or that plaintiff paid an extension fee as required by the expiration clause.

Defendant argues that plaintiff implicitly accepted its offer through his actions. As a general rule, assent to an offer may be indicated by acts as well as by words. *Ludowici-Celadon Co, supra;* 2 Williston, Contracts (4th ed), § 6:42, p 443. However, all the actions cited by defendant occurred after the offer expired on December 16, 1987. An offeree cannot accept, either through words or deeds, an offer that has lapsed.

Defendant also contends that plaintiff waived any argument regarding the viability of its offer because he did not object to a jury instruction regarding implicit acceptance. This argument is without merit. On the request of a party, the trial court must give the party's theories to the jury. MCR 2.516(B)(3); *Cornforth v Borman's, Inc,* 148 Mich App 469, 481; 385 NW2d 645 (1986). Defendant's theory of the case was that a valid contract existed because plaintiff implicitly accepted the terms of the commitment letter. Plaintiff could not have properly objected to a jury instruction regarding defendant's theory of the case.

In sum, we conclude that because plaintiff did not timely accept defendant's offer in the manner specified in the commitment letter, no contract was formed. Because we find that no contract was formed as a matter of law, the trial court erred in denying plaintiff's motions for a directed verdict and judgment notwithstanding the verdict. We therefore reverse the jury verdict in favor of defendant.

Our resolution of this issue renders it unnecessary to address plaintiff's other issues, with the exception of the award of costs and attorney fees. Because we find that plaintiff was entitled to judgment as a matter of law, we reverse the order awarding costs and attorney fees to defendant.

Reversed.

D. C. KOLENDA, J. I concur in the result only.