ST PAUL FIRE & MARINE INSURANCE COMPANY v INGALL

Docket Nos. 195353, 195727. Submitted December 9, 1997, at Detroit.
Decided February 13, 1998, at 9:00 A.M.

Jonathon Noell and Ralph Fuller were injured while repairing a truck
during their employment with Wayne Construction Company while
Wayne Construction was a subcontractor for services on a con-
struction site operated by Angelo Iafrate Construction Company
(Iafrate). After attempting to collect worker's compensation bene-
fits, Noell learned that Wayne Construction allegedly did not have a
worker's compensation insurance policy in effect on the date the
injury occurred. He then sought worker's compensation benefits
from Iafrate's insurer, St. Paul Fire and Marine Insurance Company,
under MCL 418.171; MSA 17.237(171). In the meantime, Noell
obtained benefits from his no-fault insurer, the Farmers Insurance
Exchange. Noell eventually redeemed his claim with St. Paul and
Iafrate. Farmers settled a claim for reimbursement against St. Paul
and Iafrate. St. Paul, Iafrate, and Farmers then brought an action in
the Wayne Circuit Court against Wayne Construction; The Accident
Fund Company, Wayne Construction's alleged worker's compensa-
tion insurer; and Hubert Ingall, an independent insurance agent,
seeking reimbursement. Noell and Fuller were individual plaintiffs
in the action seeking to recover additional worker's compensation
benefits. The court, Brian K. Zahra, J., entered an order granting
summary disposition in favor of Accident Fund on the ground that
it was not obligated to provide worker's compensation coverage for
Wayne Construction's injured workers. St. Paul and Iafrate
appealed from that order. (Docket No. 195727). The court also dis-
missed Farmers' claims against Wayne Construction. Farmers
appealed and Noell and Fuller cross appealed from that order.
(Docket No. 195353). The appeals were consolidated.

The Court of Appeals held:

1. The court properly granted summary disposition for Accident
Fund. There was no genuine issue of reasonable doubt that Acci-
dent Fund did not accept an application for worker's compensation
insurance completed by Wayne Construction and mailed by Ingall,
an independent insurance agent. Accident Fund explicitly informed
Ingall that it was rejecting the application, but keeping Wayne Con-
struction's premium deposit to apply it to an unrelated debt Wayne

Construction owed Accident Fund from a prior unrelated insurance transaction. Ingall relayed this information to Wayne Construction.

2. The language in the application does not provide that Accident Fund is deemed to have accepted an application whenever it does not return a deposit. It only provides that money submitted with the application will be returned in the event Accident Fund rejects the application. It does not provide for any specific manner of accepting the applicant's offer. Accident Fund's retention of the deposit did not constitute acceptance of the application but merely supports a cause of action for the return of the money.

3. Accident Fund is not estopped from denying the existence of a contract because it did not mislead Wayne Construction into believing that it had insurance.

4. Ingall was not Accident Fund's actual or ostensible agent. Accident Fund cannot be held liable for Ingall's alleged negligence.

Affirmed.

1. INSURANCE — CONTRACTS — IMPLIED ACCEPTANCE OF APPLICATION.

An application for insurance is an offer that must be accepted by the insurer before a contract of insurance is formed; acceptance may be implied from the insurer's conduct when the offer does not require a specific form of acceptance; no inference or presumption of acceptance ordinarily can be drawn from an insurer's delay or inaction in accepting or rejecting an application; however, where an initial premium is paid at the time the application is signed, the law implies acceptance where an unreasonable delay is coupled with the retention of the premium.

2. INSURANCE — AGENCY — INDEPENDENT INSURANCE AGENTS.

An independent insurance agent is the actual agent of the insured, not the insurer; an independent insurance agent is not an insurer's ostensible agent where the insurer does not in any way hold out the independent insurance agent as its agent.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Simeon R. Orlowski*), for Farmers Insurance Exchange.

*Willmarth & Tanoury* (by *Brian R. Garves*), for St. Paul Fire and Marine Insurance Company and Angelo Iafrate Construction Company.

*Crawforth, McManus, Tenbrunsel & Ulrich* (by *John M.H. Ulrich, IV*), for Jonathon Noell and Ralph Fuller.

*Moffett & Dillon, P.C.* (by *Thomas L. Vitu*), for The Accident Fund Company.

Before: McDONALD, P.J., and SAAD and SMOLENSKI, JJ.

SAAD, J.

I

NATURE OF THE CASE

In these consolidated appeals regarding a dispute over payment of worker's compensation benefits, plaintiffs St. Paul Fire & Marine Insurance Company and Angelo Iafrate Construction Company appeal as of right, in Docket No. 195727, the February 8, 1996, order granting summary disposition in favor of defendant The Accident Fund Company (Accident Fund) pursuant to MCR 2.116(C)(10) on the ground that Accident Fund was not obligated to provide worker's compensation coverage for defendant Wayne Construction Company's injured workers, and, in Docket No. 195353, plaintiff The Farmers Insurance Exchange appeals the May 15, 1996, order dismissing its claims against defendant Wayne Construction Company. St. Paul, Iafrate, and Farmers will be collectively referred to as plaintiffs in this opinion. On appeal, plaintiffs challenge the trial court's grant of summary disposition in favor of defendant Accident Fund, but do not appear to assert any claims against Wayne Construction (which is now bankrupt and defunct). The trial judge ruled that Accident Fund did not agree to provide worker's compensation insurance for Wayne Construction and that Accident Fund

could not be held liable for defendant Hubert Ingall's alleged negligence because Ingall was not its agent. In Docket No. 195353, individual plaintiffs Jonathon Noell and Ralph Fuller cross appeal and concur in the other plaintiffs' arguments. This Court consolidated the respective appeals, and we affirm.

II

FACTS

In the spring of 1991, Iafrate contracted with Wayne Construction for services on one of Iafrate's construction sites and, as part of their agreement, Wayne Construction provided proof that it had obtained worker's compensation insurance. However, on June 18, 1991, Wayne Construction's insurance agent notified Iafrate that it was canceling the policy. An Iafrate employee immediately contacted Ralph Fuller, the owner of Wayne Construction, and informed him that Wayne Construction would no longer be able to work for Iafrate if it did not obtain insurance. Fuller in turn contacted Ingall, an independent insurance agent, and Ingall *prepared a certificate of insurance* indicating that Wayne Construction had obtained worker's compensation insurance from Accident Fund for a one-year period beginning on June 18, 1991. *Ingall explained to Fuller that he did not actually have insurance coverage, but nevertheless Ingall accommodated him by faxing a copy of the certificate of insurance to Iafrate so that Wayne Construction could continue working at the job site.*

Wayne Construction actually completed an application for insurance on August 9, 1991, and Ingall allegedly mailed the application and Wayne Construction's $3,323.25 premium deposit to Accident Fund later

that day. Accident Fund allegedly received the application on August 26, 1991, and the next day, its underwriter, Kevin Morrow, informed Ingall that Accident Fund would not provide coverage. He further explained that Accident Fund was keeping the deposit and applying it to Wayne Construction's outstanding debt for prior insurance coverage. Morrow then wrote Ingall a letter dated August 28, 1991, in which he once again explained that Accident Fund denied coverage but was retaining the deposit because Wayne Construction owed it money from a prior transaction. Upon receiving the letter a few days later, Ingall informed Wayne Construction that it did not have insurance.

Noell and Fuller, employees of Wayne Construction, were injured while attempting to repair a dump truck at Iafrate's work site on August 16, 1991. When Noell attempted to collect worker's compensation benefits, he learned that Wayne Construction did not have a policy covering the period during which he was injured. Noell then sought worker's compensation benefits from Iafrate's insurer, St. Paul, under MCL 418.171; MSA 17.237(171). In the meantime, Noell obtained benefits from his no-fault insurer, Farmers Insurance. Noell eventually redeemed his claim with St. Paul and Iafrate for $100,000, and Farmers Insurance settled its claim for reimbursement against St. Paul and Iafrate for $25,000. In the instant action, St. Paul, Iafrate, and Farmers Insurance seek reimbursement from Accident Fund, and Noell and Fuller seek to recover additional worker's compensation benefits.

## III

### ANALYSIS

#### A. RETENTION OF THE PREMIUM DEPOSIT

All plaintiffs contend that the trial court erred in granting Accident Fund's motion for summary disposition because there were genuine issues of fact regarding whether Accident Fund accepted Wayne Construction's application and whether Accident Fund was liable for Ingall's alleged negligence. We disagree. This Court reviews a trial court's decision with regard to a summary disposition motion de novo. *Borman v State Farm Fire & Casualty Co*, 198 Mich App 675, 678; 499 NW2d 419 (1993).

Plaintiffs argue that the trial court erroneously determined that Accident Fund's retention of the premium deposit did not constitute an acceptance of Wayne Construction's application for insurance. We disagree. An application for insurance is an offer that must be accepted by the insurer before a contract is formed. *G P Enterprises, Inc v Jackson Nat'l Life Ins Co*, 202 Mich App 557, 564; 509 NW2d 780 (1993). As with other contracts, an acceptance may be implied from the insurer's conduct when the offer does not require a specific form of acceptance. See *Pakideh v Franklin Commercial Mortgage Group, Inc*, 213 Mich App 636, 640; 540 NW2d 777 (1995). Here, plaintiffs assert that, according to the terms of the offer, Accident Fund accepted the application when it did not refund the premium deposit. The final paragraph of the application, which is boxed and labeled "SPECIAL NOTICE," provides as follows:

This application is subject to approval and acceptance by the Home Office of the Accident Fund of Michigan, Lansing,

> Michigan, and no insurance agent has the authority to bind the Accident Fund of Michigan by any representations, promises or statements of any nature. Retention of any monies submitted with this application during the review period, pending acceptance or rejection of this application, shall not be construed as acceptance of this application. Any such monies submitted will be returned if this application is rejected.

Plaintiffs contend that the provision stating that monies submitted would be returned if the application is rejected necessarily implies that Accident Fund is deemed to accept an application when it does not return the money.

Upon review of the contract language, we find that that the application does not provide that Accident Fund is deemed to have accepted an application whenever it does not return a premium deposit. The construction of unambiguous contractual language is a question of law that this Court reviews de novo. *Pakideh, supra* at 640. We construe contractual language according to its plain and ordinary meaning, and avoid technical or constrained constructions. *Id.* In this case, the application only provides that money submitted with the application will be returned in the event Accident Fund rejects the application. It does not provide for any specific manner of accepting the applicant's offer. As such, Accident Fund's failure to refund the deposit merely supports a cause of action for the return of the money. Therefore, unless Accident Fund's acceptance can be implied from its conduct, there is no contract. See *id.*

Upon review of the record and giving plaintiffs the benefit of any reasonable doubt, we find that there is no genuine issue of fact with regard to whether Accident Fund accepted the application. Ordinarily, no

inference or presumption of acceptance can be drawn from an insurer's delay or inaction in passing on an application. *Gorham v Peerless Life Ins Co*, 368 Mich 335, 341; 118 NW2d 306 (1962). However, in the event an initial premium is paid at the time the application is signed, the law implies acceptance where an unreasonable delay is coupled with the retention of the premium. *Id.* Here, plaintiffs do not assert that Accident Fund unreasonably delayed in processing the application, but rather argue that its acceptance can be inferred solely from its retention of the deposit. However, Accident Fund did not simply retain the deposit and remain silent. It explicitly rejected the application and indicated that it was keeping the deposit and applying it to an outstanding debt. Ingall relayed this information to Wayne Construction. In light of Accident Fund's explicit rejection of Wayne Construction's application, the trial court properly determined that there was no contract because Accident Fund did not accept the offer. See *G P Enterprises, supra* at 564.

Plaintiffs further contend that Accident Fund is estopped from denying the existence of a contract because it unlawfully retained Wayne Construction's premium deposit. Again, we disagree.

> Equitable estoppel arises where a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts, the other party justifiably relies and acts on that belief, and the other party will be prejudiced if the first party is allowed to deny the existence of those facts. [*Soltis v First of America Bank*, 203 Mich App 435, 444; 513 NW2d 148 (1994). ]

Here, Wayne Construction knew that it did not have any worker's compensation insurance at the time Ingall faxed a certificate of insurance to Iafrate. When

Wayne Construction finally completed the application, it knew that it would not have coverage until Accident Fund approved the application. Accident Fund then explicitly rejected the application but retained the premium and applied it to Wayne Construction's unrelated outstanding debt. If Accident Fund's retention of the premium were improper,[1] it does not follow that Accident Fund is automatically estopped from denying the existence of a contract. See *Dobranski v Lincoln Mut Casualty Co*, 275 Mich 1, 8; 265 NW 507 (1936). Giving plaintiffs the benefit of any reasonable doubt, Accident Fund is not estopped from denying the existence of a contract here because it did not mislead Wayne Construction into believing that it had insurance. See *id.* at 8-11; *Kaminskas v Litnianski*, 51 Mich App 40, 45; 214 NW2d 331 (1973).

### B. INGALL'S NEGLIGENCE

Finally, plaintiffs say that if Wayne Construction did not have a contract with Accident Fund, the trial court nonetheless improperly granted summary disposition because Accident Fund could be vicariously liable for Ingall's negligence. We disagree. A principal is generally liable for the torts of his agent committed in the scope of the agency. *McLean v Wolverine Moving & Storage Co*, 187 Mich App 393, 400; 468 NW2d 230 (1991). The agent's authority may be actual or apparent. *Alar v Mercy Memorial Hosp*, 208 Mich App 518, 528; 529 NW2d 318 (1995). Here, Ingall was not Accident Fund's actual agent because as an independent insurance agent, he is the agent of the insured, not

---

[1] We express no view regarding this narrow issue because it is not necessary to our rulings and holdings.

the insurer. *Harwood v Auto-Owners Ins Co*, 211 Mich App 249, 254; 535 NW2d 207 (1995). Furthermore, Ingall was not Accident Fund's ostensible agent because Accident Fund did not, in any way, hold Ingall out as its agent. While Ingall used an application provided by Accident Fund, the application clearly indicated that Ingall did not have the authority to bind Accident Fund. Plaintiffs ultimately rely on the fact that Ingall faxed a certificate of insurance to Iafrate to support their argument that Ingall was Accident Fund's ostensible agent, but Ingall's actions cannot establish ostensible agency. *Alar, supra* at 528. Therefore, giving plaintiffs the benefit of any reasonable doubt, we find that there is no genuine issue of fact with regard to whether Ingall was Accident Fund's agent because there is no evidence that Accident Fund did anything that would lead a third person to reasonably believe that an agency relationship existed. *Id.* Accordingly, the trial court properly granted Accident Fund's motion for summary disposition because there was no contract for insurance and Accident Fund cannot be held liable for Ingall's alleged negligence.

Affirmed.