577 N.W.2d 188 (1998)
ST. PAUL FIRE & MARINE INSURANCE CO. and Angelo Iafrate Construction Co., Plaintiffs, and
The Farmers Insurance Exchange, Plaintiff-Appellant, and
Jonathon Noell and Ralph Fuller, Plaintiffs/Cross-Appellants,
v.
Hubert INGALL a/k/a H.E. Ingall Insurance Agency a/k/a H.E.I. Insurance Agency a/k/a H.E.I. Enterprises Inc., Defendant, and
Wayne Construction Co., Defendant/Cross-Appellee, and
The Accident Fund Co. a/k/a Accident Fund of Michigan, Defendant/Appellee/Cross-Appellee.
ST. PAUL FIRE & MARINE INSURANCE CO. and Angelo Iafrate Construction Co., Plaintiffs-Appellants,
v.
Hubert INGALL a/k/a H.E. Ingall Insurance Agency a/k/a H.E.I. Insurance Agency a/k/a H.E.I. Enterprises Inc., Defendant, and
The Accident Fund of Michigan, Defendant-Appellee.
Docket Nos. 195353, 195727.
Court of Appeals of Michigan.
Submitted December 9, 1997, at Detroit.
Decided February 13, 1998, at 9:00 a.m.
Released for Publication May 5, 1998.
*189 *190 Kohl, Secrest, Wardle, Lynch, Clark & Hampton by Simeon R. Orlowski, Mt. Clemens, for Farmers Insurance Exchange.
Willmarth & Tanoury by Brian R. Garves, Detroit, for St. Paul Fire and Marine Insurance Company and Angelo Iafrate Construction Company.
Crawforth, McManus, Tenbrunsel & Ulrich by John M.H. Ulrich, IV, Detroit, for Jonathon Noell and Ralph Fuller.
Moffett & Dillon, P.C. by Thomas L. Vitu, Birmingham, for The Accident Fund Company.
Before McDONALD, P.J., and SAAD and SMOLENSKI, JJ.
SAAD, J.

I

Nature of the Case
In these consolidated appeals regarding a dispute over payment of worker's compensation benefits, plaintiffs St. Paul Fire & Marine Insurance Co., and Angelo Iafrate Construction Co. appeal as of right, in Docket No. 195727, the February 8, 1996, order granting summary disposition in favor of defendant The Accident Fund Company (Accident Fund) pursuant to MCR 2.116(C)(10) on the ground that Accident Fund was not obligated to provide worker's compensation coverage for defendant Wayne Construction Company's injured workers, and, in Docket No. 195353, plaintiff the Farmers Insurance Exchange appeals the May 15, 1996, order dismissing its claims against defendant Wayne Construction Co. St. Paul, Iafrate, and Farmers will be collectively referred to as plaintiffs in this opinion. On appeal, plaintiffs challenge the trial court's grant of summary disposition in favor of defendant Accident Fund, but do not appear to assert any claims against Wayne Construction (which is now bankrupt and defunct). The trial judge ruled that Accident Fund did not agree to provide worker's compensation insurance for Wayne Construction and that Accident Fund could not be held liable for defendant Hubert Ingall's alleged negligence because Ingall was not its agent. In Docket No. 195353, individual plaintiffs Jonathon Noell and Ralph Fuller cross appeal and concur in the other plaintiffs' arguments. This Court consolidated the respective appeals, and we affirm.

II

Facts
In the spring of 1991, Iafrate contracted with Wayne Construction for services on one of Iafrate's construction sites and, as part of their agreement, Wayne Construction provided proof that it had obtained worker's compensation insurance. However, on June 18, 1991, Wayne Construction's insurance agent notified Iafrate that it was canceling the policy. An Iafrate employee immediately contacted Ralph Fuller, the owner of Wayne Construction, and informed him that Wayne Construction would no longer be able to work for Iafrate if it did not obtain insurance. Fuller in turn contacted Ingall, an independent insurance agent, and Ingall prepared a certificate of insurance indicating that Wayne Construction had obtained worker's compensation insurance from Accident Fund for a one-year period beginning on June 18, 1991. Ingall explained to Fuller that he did not actually have insurance coverage, but nevertheless Ingall accommodated him by faxing a copy of the certificate of insurance to Iafrate so that Wayne Construction could continue working at the job site.
Wayne Construction actually completed an application for insurance on August 9, 1991, and Ingall allegedly mailed the application and Wayne Construction's $3,323.25 premium deposit to Accident Fund later that day. Accident Fund allegedly received the application on August 26, 1991, and the next day, its underwriter, Kevin Morrow, informed Ingall that Accident Fund would not provide coverage. He further explained that Accident Fund was keeping the deposit and applying it to Wayne Construction's outstanding debt for prior insurance coverage. Morrow then wrote Ingall a letter dated August 28, 1991, *191 in which he once again explained that Accident Fund denied coverage but was retaining the deposit because Wayne Construction owed it money from a prior transaction. Upon receiving the letter a few days later, Ingall informed Wayne Construction that it did not have insurance.
Noell and Fuller, employees of Wayne Construction, were injured while attempting to repair a dump truck at Iafrate's work site on August 16, 1991. When Noell attempted to collect worker's compensation benefits, he learned that Wayne Construction did not have a policy covering the period during which he was injured. Noell then sought worker's compensation benefits from Iafrate's insurer, St. Paul, under M.C.L. § 418.171; M.S.A. § 17.237(171). In the meantime, Noell obtained benefits from his no-fault insurer, Farmers Insurance. Noell eventually redeemed his claim with St. Paul and Iafrate for $100,000, and Farmers Insurance settled its claim for reimbursement against St. Paul and Iafrate for $25,000. In the instant action, St. Paul, Iafrate, and Farmers Insurance seek reimbursement from Accident Fund, and Noell and Fuller seek to recover additional worker's compensation benefits.

III

Analysis

A. Retention of the Premium Deposit
All plaintiffs contend that the trial court erred in granting Accident Fund's motion for summary disposition because there were genuine issues of fact regarding whether Accident Fund accepted Wayne Construction's application and whether Accident Fund was liable for Ingall's alleged negligence. We disagree. This Court reviews a trial court's decision with regard to a summary disposition motion de novo. Borman v. State Farm Fire & Casualty Co., 198 Mich.App. 675, 678, 499 N.W.2d 419 (1993).
Plaintiffs argue that the trial court erroneously determined that Accident Fund's retention of the premium deposit did not constitute an acceptance of Wayne Construction's application for insurance. We disagree. An application for insurance is an offer that must be accepted by the insurer before a contract is formed. G P Enterprises, Inc. v. Jackson Nat'l Life Ins. Co., 202 Mich.App. 557, 564, 509 N.W.2d 780 (1993). As with other contracts, an acceptance may be implied from the insurer's conduct when the offer does not require a specific form of acceptance. See Pakideh v. Franklin Commercial Mortgage Group, Inc., 213 Mich.App. 636, 640, 540 N.W.2d 777 (1995). Here, plaintiffs assert that, according to the terms of the offer, Accident Fund accepted the application when it did not refund the premium deposit. The final paragraph of the application, which is boxed and labeled "SPECIAL NOTICE," provides as follows:
This application is subject to approval and acceptance by the Home Office of the Accident Fund of Michigan, Lansing, Michigan, and no insurance agent has the authority to bind the Accident Fund of Michigan by any representations, promises or statements of any nature. Retention of any monies submitted with this application during the review period, pending acceptance or rejection of this application, shall not be construed as acceptance of this application. Any such monies submitted will be returned if this application is rejected.
Plaintiffs contend that the provision stating that monies submitted would be returned if the application is rejected necessarily implies that Accident Fund is deemed to accept an application when it does not return the money.
Upon review of the contract language, we find that that the application does not provide that Accident Fund is deemed to have accepted an application whenever it does not return a premium deposit. The construction of unambiguous contractual language is a question of law that this Court reviews de novo. Pakideh, supra at 640, 540 N.W.2d 777. We construe contractual language according to its plain and ordinary meaning, and avoid technical or constrained constructions. Id. In this case, the application only provides that money submitted with the application will be returned in the event Accident Fund rejects the application. It does not provide for any specific manner of accepting the applicant's offer. As such, Accident Fund's failure to refund the deposit merely supports a cause of action for the return of the money. Therefore, unless Accident *192 Fund's acceptance can be implied from its conduct, there is no contract. See id.
Upon review of the record and giving plaintiffs the benefit of any reasonable doubt, we find that there is no genuine issue of fact with regard to whether Accident Fund accepted the application. Ordinarily, no inference or presumption of acceptance can be drawn from an insurer's delay or inaction in passing on an application. Gorham v. Peerless Life Ins. Co., 368 Mich. 335, 341, 118 N.W.2d 306 (1962). However, in the event an initial premium is paid at the time the application is signed, the law implies acceptance where an unreasonable delay is coupled with the retention of the premium. Id. Here, plaintiffs do not assert that Accident Fund unreasonably delayed in processing the application, but rather argue that its acceptance can be inferred solely from its retention of the deposit. However, Accident Fund did not simply retain the deposit and remain silent. It explicitly rejected the application and indicated that it was keeping the deposit and applying it to an outstanding debt. Ingall relayed this information to Wayne Construction. In light of Accident Fund's explicit rejection of Wayne Construction's application, the trial court properly determined that there was no contract because Accident Fund did not accept the offer. See G P Enterprises, supra at 564, 509 N.W.2d 780.
Plaintiffs further contend that Accident Fund is estopped from denying the existence of a contract because it unlawfully retained Wayne Construction's premium deposit. Again, we disagree.
Equitable estoppel arises where a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts, the other party justifiably relies and acts on that belief, and the other party will be prejudiced if the first party is allowed to deny the existence of those facts. [Soltis v. First of America Bank, 203 Mich.App. 435, 444, 513 N.W.2d 148 (1994).]
Here, Wayne Construction knew that it did not have any worker's compensation insurance at the time Ingall faxed a certificate of insurance to Iafrate. When Wayne Construction finally completed the application, it knew that it would not have coverage until Accident Fund approved the application. Accident Fund then explicitly rejected the application but retained the premium and applied it to Wayne Construction's unrelated outstanding debt. If Accident Fund's retention of the premium were improper,[1] it does not follow that Accident Fund is automatically estopped from denying the existence of a contract. See Dobranski v. Lincoln Mut. Casualty Co., 275 Mich. 1, 8, 265 N.W. 507 (1936). Giving plaintiffs the benefit of any reasonable doubt, Accident Fund is not estopped from denying the existence of a contract here because it did not mislead Wayne Construction into believing that it had insurance. See id. at 8-11, 265 N.W. 507; Kaminskas v. Litnianski, 51 Mich.App. 40, 45, 214 N.W.2d 331 (1973).

B. Ingall's Negligence
Finally, plaintiffs say that if Wayne Construction did not have a contract with Accident Fund, the trial court nonetheless improperly granted summary disposition because Accident Fund could be vicariously liable for Ingall's negligence. We disagree. A principal is generally liable for the torts of his agent committed in the scope of the agency. McLean v. Wolverine Moving & Storage Co., 187 Mich.App. 393, 400, 468 N.W.2d 230 (1991). The agent's authority may be actual or apparent. Alar v. Mercy Memorial Hosp., 208 Mich.App. 518, 528, 529 N.W.2d 318 (1995). Here, Ingall was not Accident Fund's actual agent because as an independent insurance agent, he is the agent of the insured, not the insurer. Harwood v. Auto-Owners Ins. Co., 211 Mich.App. 249, 254, 535 N.W.2d 207 (1995). Furthermore, Ingall was not Accident Fund's ostensible agent because Accident Fund did not, in any way, hold Ingall out as its agent. While Ingall used an application provided by Accident Fund, the application clearly indicated that Ingall did not have the authority to bind Accident Fund. Plaintiffs ultimately rely on *193 the fact that Ingall faxed a certificate of insurance to Iafrate to support their argument that Ingall was Accident Fund's ostensible agent, but Ingall's actions cannot establish ostensible agency. Alar, supra at 528, 529 N.W.2d 318. Therefore, giving plaintiffs the benefit of any reasonable doubt, we find that there is no genuine issue of fact with regard to whether Ingall was Accident Fund's agent because there is no evidence that Accident Fund did anything that would lead a third person to reasonably believe that an agency relationship existed. Id. Accordingly, the trial court properly granted Accident Fund's motion for summary disposition because there was no contract for insurance and Accident Fund cannot be held liable for Ingall's alleged negligence.
Affirmed.
NOTES
[1] We express no view regarding this narrow issue because it is not necessary to our rulings and holdings.