# STATE OF MICHIGAN

# COURT OF APPEALS

---

ROBERT STANCIEL,

      Plaintiff-Appellant,

v

USA LAND GLOBAL LLC, doing business as
PRISM HOTELS AND RESORTS, USA
RESORTS AND HOTELS GROUP B, LLC,
RAMADA LANSING HOTEL AND
CONFERENCE CENTER, RAMADA, and
WYNDHAM WORLDWIDE,

      Defendants-Appellees.

UNPUBLISHED
February 13, 2018

No. 336013
Ingham Circuit Court
LC No. 15-000723-NO

---

Before: RONAYNE KRAUSE, P.J., and FORT HOOD and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order dismissing this case after determining that the parties failed to reach a binding settlement agreement. We affirm.

Plaintiff's complaint alleges that he fell while getting into a hot tub at the Ramada Hotel in Lansing, Michigan, "because the support bar leading into the hot tub broke." Plaintiff filed this action against five named corporate defendants, alleging claims for negligence and premises liability. Defendants filed a motion for summary disposition, asserting that none of the named defendants were a proper party defendant who owned or operated the Lansing Ramada Hotel. The trial court agreed to grant defendants' motion and dismiss all of the named defendants, but in lieu of dismissing the complaint, the court gave plaintiff 30 days to amend his complaint to name the proper defendant.

Defendants submitted a proposed order under the 7-day rule, MCR 2.602(B)(3). Plaintiff thereafter filed objections to defendants' proposed order, and a notice of hearing, but for reasons unclear from the record, a hearing was not held. Before that matter was resolved, plaintiff and defendants purportedly agreed to settle the case. However, when plaintiff delayed in signing and returning the submitted settlement documents, defendants filed a motion to enforce the purported settlement or dismiss the case in accordance with the court's prior ruling. Plaintiff thereafter returned the signed documents to defendants, but unilaterally crossed out language in a Medicare addendum. The trial court thereafter determined that the disagreement over the Medicare

-1-

language showed that the parties did not reach a binding agreement. Accordingly, the court refused to enforce the purported agreement. Instead, observing that plaintiff had taken no action toward identifying and naming the proper defendant, the court dismissed the case in accordance with its earlier ruling.

Plaintiff argues on appeal that the trial court erred in determining that the parties failed to reach a binding settlement and in dismissing the case. We disagree.

This Court reviews issues of contract interpretation de novo. *Archambo v Lawyers Title Ins Corp*, 466 Mich 402, 408; 646 NW2d 170 (2002). Dismissal of a case for failure to comply with a trial court's order is reviewed by this Court for an abuse of discretion. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006); MCR 2.504(B)(1). A court does not abuse its discretion when its decision is within the range of "reasonable and principled outcome[s]." *Id.* (citation omitted).

A valid contract must include an offer and acceptance, as well as "mutual assent or a meeting of the minds on all essential terms." *Kloian v Domino's Pizza LLC*, 273 Mich App 449, 452-453; 733 NW2d 766 (2006). Acceptance must be "unambiguous and in strict conformance with the offer" or no contract is formed. *Id*. quoting *Pakideh v Franklin Commercial Mtg Group, Inc*, 213 Mich App 636, 640; 540 NW2d 777 (1995). A settlement agreement is a contract governed by the same legal principals of construction and interpretation. *Walbridge Aldinger Co v Walcon Corp*, 207 Mich App 566, 571; 525 NW2d 489 (1994). However, even if a settlement agreement for pending litigation meets all of the requirements of contract law, it "will not be enforced unless the agreement also satisfies the requirements of [former] MCR 2.507(H) [now MCR 2.507(G)]." *Kloian*, 273 Mich App at 456. MCR 2.507(G) provides:

> An agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney.

Plaintiff argues that the unilaterally crossed out clause in the Medicare addendum was not an essential term of the settlement agreement, so there was still a "meeting of the minds on all the essential terms." *Kloian*, 273 Mich App at 453. However, defendants asserted that this clause was necessary to protect them from liability for the known Medicare lien. Defendants were not willing to agree to a settlement without this clause. Defendants' counsel had specifically told plaintiff's counsel to "let [counsel] know if you have any problem with any wording in these documents," and instead plaintiff unilaterally crossed out the clause and returned the documents to defendants' counsel without discussion. The disagreement over this term of the settlement means that plaintiff's acceptance was not "unambiguous and in strict conformance with the offer" as required by contract law, and that no meeting of the minds occurred. *Pakideh*, 213 Mich App at 640. Therefore, the trial court did not err in concluding that there was no meeting of the minds, and accordingly, no valid settlement agreement.

Additionally, the settlement was not in conformity with MCR 2.507(G), and thus could not be upheld. *Kloian*, 273 Mich App at 456. MCR 2.507(G) requires the agreement to be "in writing, subscribed by the party against whom the agreement is offered or by that party's

attorney." MCR 2.507(G). The agreement as signed by plaintiff and unilaterally altered by plaintiff was never subscribed to in writing by defendants or defendants' counsel, so it cannot be enforced. *Kloian*, 273 Mich App at 456. Plaintiff argues that defendants acknowledged the existence of a settlement because their motion sought to enforce the settlement. However, defendants filed their motion before plaintiff unilaterally modified the Medicare addendum. Thus, the filing of the motion did not confirm that defendants subscribed to the agreement as signed and altered by plaintiff.

The trial court determined that dismissal should follow as a consequence of there being no enforceable settlement agreement. That decision was also based on the court's earlier ruling that plaintiff had not established that any of the named defendants were a proper party defendant to this action. Plaintiff has not challenged that ruling and did not otherwise show that any of the named defendants were indeed a proper party defendant. On this record, we are satisfied that the trial court's decision to dismiss the case fell within the range of "reasonable and principled outcome[s]." *Maldonado*, 476 Mich at 388. Therefore, the trial court did not abuse its discretion in dismissing the case.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Karen M. Fort Hood
/s/ Colleen A. O'Brien

-3-