*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARIA VASILIADIS,

　　　　　Plaintiff-Appellant,

v

JAMAL RUBAII,

　　　　　Defendant-Appellee.

UNPUBLISHED
September 1, 2022

No.　357638
Wayne Circuit Court
LC No.　19-001435-CK

Before:　RIORDAN, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

In this land contract dispute, plaintiff, Maria Vasiliadis, appeals as of right the circuit court's order denying her motion for partial summary disposition and dismissing the complaint. For the reasons set forth in this opinion, we affirm in part, reverse in part, and remand for the third time to the trial court for further proceedings consistent with this opinion.

## I.  BACKGROUND

On July 6, 2017, Vasiliadis, the seller, and Jamal Rubaii the purchaser, executed a land contract for property in Dearborn Heights, Michigan, in the amount of $265,000.  The land contract dictated, after a $50,000 down payment, Rubaii was to pay the remainder by paying Vasiliadis $1,000 per month beginning on August 1, 2017, with the full remainder due on December 6, 2017. Section 11 of the land contract, labeled "Miscellaneous," includes 15 bullet points related to various provisions.  The sixth bullet point contains the following provision:

> In the event that Purchaser should file or have filed against him bankruptcy of any form (e.g., filing for protection under insolvency laws), it shall be a default hereunder and any and all attorney fees, costs and expenses incurred as a result of same shall become part of the principal balance due and owing on this Contract. *Should either party deem it necessary to enforce any of the provisions hereof through an attorney or legal proceedings, the other party agrees to pay all costs of such enforcement and collection, including all reasonable attorney fees, and interests shall accrue upon such costs as the Default Rate from the date incurred until repaid.*  In the event Seller should file or have filed against its bankruptcy of

any form (e.g., filing for protection under insolvency laws), Purchaser shall have all of the rights and remedies afforded Purchaser under bankruptcy law. [emphasis added.]

Proceedings began in the 20th District Court (Case No. 2018-87730-LT), which issued a consent judgment in favor of Vasiliadis. On November 30, 2018, the 20th District Court granted order of eviction in favor of Vasiliadis, due to nonpayment and the lapsed redemption period. Two companion appeals previously reached this Court.

In our first opinion issued in this matter, *Vasiliadis v Rubaii (Vasiliadis I)*, unpublished per curiam opinion of the Court of Appeals, issued January 7, 2021 (Docket No. 349982), p 2, after the district court ordered an extension of the redemption period in favor of Rubaii, noting Vasiliadis acted in bad faith by preventing Rubaii from redeeming the property in a timely manner, Vasiliadis appealed to the circuit court, which reversed the district court's order, finding Vasiliadis's behavior did not reach the level of fraud. *Vasiliadis I*, unpub op at 3. This Court reversed the circuit court's decision and remanded for reinstatement of the district court order. *Vasiliadis I*, unpub op at 1.

In our second opinion issued in this matter, *Vasiliadis v Rubaii (Vasiliadis II)*, unpublished per curiam opinion of the Court of Appeals, issued January 7, 2021 (Docket No. 350269), p 2, Vasiliadis filed a motion for partial summary disposition, arguing the attorney-fee clause in the land contract was valid, while Rubaii argued the provision only applied to bankruptcy proceedings. This Court again found the circuit court erred when it concluded the language of the attorney-fee provision only applied to bankruptcy, and vacated the order. *Vasiliadis II*, unpub op at 3.

The present case reached this Court as Visiliadis once again moved for summary disposition on substantially the same grounds as her previous motion, arguing she is entitled to attorney fees for enforcing the land contract. Ignoring our prior conclusion that the attorney-fee clause was valid, the circuit court found the attorney-fee clause in the land contract too vague to enforce, denying Vasiliadis's motion for summary disposition and dismissing the case with prejudice.[1] The circuit court further reasoned it would be inequitable to allow Vasiliadis to collect attorney fees in light of her actions to stymie Rubaii's purchase, and, because the clause did not specify which party may properly collect attorney fees (i.e., the prevailing party or the party that sues), it was not clear enough to enforce. Vasiliadis appealed and we again must send the case back to the circuit court.

## II. STANDARD OF REVIEW

---

[1] Although discussed more thoroughly *infra*, the circuit court's ruling stated, in part, "…and maybe I'm wrong, but that's for the Court of Appeals **to decide again**," indicating to us that the circuit court was aware that our prior decision held the attorney-fee clause valid. (emphasis added). As such, the circuit court should have known it was bound by the law of the case doctrine and was therefore prohibited from reaching a different result than that of a superior tribunal. See, *Pioneer State Mutual Ins Co v Wright*, 331 Mich App 396; 952 NW2d 586 (2020).

This Court reviews de novo orders granting or denying summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Id*. at 120. This Court considers "affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, in a light most favorable to the party opposing the motion" in its review under MCR 2.116(C)(10). *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation marks and citation omitted). Summary disposition is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

Interpretation of a contract, and a determination whether a contract is ambiguous, is also reviewed de novo. *Able Demolition v City of Pontiac*, 275 Mich App 577, 581; 739 NW2d 696 (2007). "When a contract is unambiguous, it must be enforced according to its terms." *Id*. "We review the trial court's factual findings for clear error, and its legal conclusions de novo." *New Prod Corp v Harbor Shores BHBT Land Dev, LLC*, 331 Mich App 614, 624; 953 NW2d 476 (2019). Finally, this Court reviews for abuse of discretion the decision whether to award attorney fees. *Smith v Khoury*, 481 Mich 519, 526; 751 NW2d 472 (2008). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*.

## III. LAW AND ANALYSIS

On appeal, Vasiliadis argues the circuit court erred in denying her motion for summary disposition because: (1) the land contract in question contains a valid attorney-fee clause; (2) Rubaii was the first breaching party, which precludes him from asserting breach of contract; and (3) Rubaii has unclean hands and is barred from requesting attorney fees.

Vasiliadis first argues the circuit court erred when it found the attorney-fee clause in the land contract too vague, especially in light of this Court's prior unpublished opinion in *Vasiliadis II*, in which this Court found the clause valid and enforceable. For reasons set forth more fully below, while the circuit court did not err in denying Vasiliadis summary disposition for her claim of attorney fees, the circuit court erred yet again, under the law-of-the-case doctrine, by concluding the attorney-fee clause invalid because this Court, very clearly, had already concluded the attorney-fee clause was valid. Thus, the circuit court clearly erred when it determined the provision was too vague to enforce.

In Michigan, recovery of attorney fees is governed by the American Rule: recovery is generally not allowed "unless recovery is expressly authorized by statute, court rule, or a recognized exception." *Burnside v State Farm Fire and Casualty Co*, 208 Mich App 422, 426-427; 528 NW2d 749 (1995). However,

> [e]xceptions to the general rule are narrowly construed. An exception exists where attorney fees are provided by contract of the parties. Contractual provisions for payment of reasonable attorney fees are judicially enforceable. In other words, a contractual clause providing that in the event of a dispute the prevailing party is entitled to recover attorney fees is valid. [*Fleet Business Credit v Krapohl Ford*

*Lincoln Mercury Co*, 274 Mich App 584, 589; 735 NW2d 644 (2007) (quotation marks and citations omitted).]

The land contract provision at issue on appeal contains the following language, in relevant part:

> Should either party deem it necessary to enforce any of the provisions hereof through an attorney or legal proceedings, the other party agrees to pay all costs of such enforcement and collection, including all reasonable attorney fees, and interests shall accrue upon such costs as the Default Rate from the date incurred until repaid.

Vasiliadis' argument that the language in the contract is unambiguous and must be enforced as written is correct. See *Ajax Paving Indus, Inc v Vanopdendosch Constr Co*, 289 Mich App 639; 797 NW2d 704 (2010) which is why this Court previously concluded the attorney-fee provision in the land contract was valid. Once again we point out that under the law-of-the-case doctrine, the circuit court was bound to follow that ruling in its determination to award attorney fees. *Pioneer State Mutual Ins Co,* 331 Mich App 406–07. "[A]s a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals." *Id*., quoting *Grievance Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000). "A trial court violates the law-of-the-case doctrine when it revisits a legal issue already ruled on by this court." *Id*. at 407. For the circuit court to have ignored the holding of a superior court was clear error.

In *Vasiliadis II*, this Court found the circuit court misinterpreted the contract provision when it found the attorney-fee clause was only related to bankruptcy proceedings. *Id*., unpub op at 3. This Court stated: "[I]f a party hires an attorney to pursue his or her rights or files suit to enforce the provisions of the land contract, he or she is entitled to the payment of costs and attorney fees." *Vasiliadis II*, unpub op at 3. Vasiliadis points to this as support for her argument that she is entitled to attorney fees. However, Vasiliadis's argument conflates the validity of the attorney-fee clause with her entitlement to collect such fees. These are two separate and distinct issues. As this Court noted: "Just because Vasiliadis correctly interprets the contract does not mean that Vasiliadis is entitled to summary disposition on the attorney-fee issue." *Vasiliadis II*, unpub op at 3.

Additionally, both parties label themselves as the prevailing party in the dispute over the attorney-fee clause. Vasiliadis claims she is the prevailing party because she obtained a judgment and order of eviction from the district court, while Rubaii claims he is the prevailing party because this Court determined Vasiliadis's actions were fraudulent and in bad faith. However, as the circuit court correctly noted, the contractual provision does not specify that a party must prevail to be entitled to attorney fees, rendering the parties' dispute over who prevailed not dispositive.

In its previous opinion, this Court addressed whether either party was entitled to attorney fees under the land contract, and determined both parties[2] may have a legitimate claim:

> [The provision's] clear language applies in actions "to enforce *any of the provisions hereof,*" i.e., any of the provisions of the land contract. Accordingly, if a party hires an attorney to pursue his or her rights or files suit to enforce the provisions of the land contract, he or she is entitled to the payment of costs and attorney fees. The circuit court incorrectly interpreted the land contract and summary disposition was therefore inappropriate.

> Just because Vasiliadis correctly interprets the contract does not mean that Vasiliadis is entitled to summary disposition on the attorney-fee issue. In the companion appeal, Vasiliadis deemed it necessary to hire an attorney and file summary proceedings to enforce provisions of the land contract. During those summary proceedings, Rubaii deemed it necessary to hire an attorney to file motions to enforce his rights when Vasiliadis interfered with Rubaii's redemption rights. In Docket No. 349982, we ordered the reinstatement of the district court order extending the redemption period based on Vasiliadis's obstruction. Further proceedings may be required during or after that period. Resolution of the current attorney-fee matter should be put on hold until the summary proceedings come to a certain end. [*Vasiliadis II*, unpub op at 3.]

While the circuit court legitimately points out that Vasiliadis's wrongdoing may preclude her collection of attorney fees, it was nevertheless improper for it to find the provision too vague, considering this Court already determined the provision was clear and unambiguous. Further, following the logic of this Court's conclusion, and reviewing the facts on the record, both parties may be authorized to collect the attorney fees they incurred at different points in the litigation: Vasiliadis incurred attorney fees during her initial enforcement of the land contract after Rubaii failed to pay the balloon payment and defaulted, and, thereafter, Rubaii incurred attorney fees because Vasiliadis wrongly precluded Rubaii by interfering with his right to redeem the property. Thus, the circuit court erred in dismissing the case, and we must again remand for an evidentiary hearing to determine attorney fees. We want to make clear to the circuit court on remand that the attorney-fee clause is valid and enforceable.

Vasiliadis additionally argues the equitable doctrines of first breach and unclean hands preclude Rubaii from collecting attorney fees under the provision in the land contract. Vasiliadis argues Rubaii, as the party who first breached the land contract by failing to pay, cannot collect

---

[2] Vasiliadis argues this Court's conclusion that either party may be allowed to collect attorney fees under the land contract is merely dicta and is not binding. "Dictum is a judicial comment that is not necessary to the decision in the case. But if a court intentionally addresses and decides an issue that is germane to the controversy in the case, the statement is not dictum even if the issue was not decisive." *Pew v Mich State Univ*, 307 Mich App 328, 334; 859 NW2d 246 (2014). This statement by the Court is not dicta; it is merely an elaboration on this Court's conclusion that, under the plain language of the attorney-fee clause, either party could claim entitlement to attorney fees.

attorney fees under the contract, which he breached. Vasiliadis's argument fails because equitable relief is not available for this breach of contract action.

"The rule in Michigan is that one who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform." *Able Demolition*, 275 Mich App at 585, quoting *Michaels v Amway Corp*, 206 Mich App 644, 650; 522 NW2d 703 (1994). This rule only applies when the breach was substantial. *Id*. "To determine whether a substantial breach occurred, a trial court considers whether the nonbreaching party obtained the benefit which he or she reasonably expected to receive." *Id*. (quotation marks and citation omitted). Though Vasiliadis focuses on Rubaii's initial breach of the land contract, that breach is inconsequential under the plain language of the attorney-fee clause. As explained previously, this Court determined the language of the land contract was valid and enforceable, notwithstanding the fact the contract does not specify which party is entitled to collect attorney fees. Nothing in the contract's language differentiates a breaching party from a nonbreaching party or a prevailing party from a losing party. In the prior appeal, this Court determined, and again we stress that it is the law of the case, that either party may have a legitimate claim for attorney fees incurred during the enforcement of the land contract and consent judgment. Thus, Vasiliadis's claim that the first-breach doctrine precludes Rubaii from collecting attorney fees fails.

Relatedly, Vasiliadis also claims Rubaii had unclean hands, and thus should not be able to maintain a breach of contract action against Vasiliadis. "The unclean-hands doctrine is 'a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, *however improper may have been the behavior of the* [opposing party].' " *New Prod Corp v Harbor Shores BHBT Land Dev, LLC*, 331 Mich App at 627, quoting *Rose v Nat'l Auction Group*, 466 Mich 453, 463; 646 NW2d 455 (2002) (emphasis and alteration in original). "Any willful act that transgresses equitable standards of conduct is sufficient to allow a court to deny a party equitable relief." *Id*. at 627.

Vasiliadis claims the circuit court erred when it said it would be inequitable for her to collect attorney fees in this case, claiming the "record on which that conclusion is based was procured through [Rubaii]'s fraud, perjury and attorney misconduct." Vasiliadis attempted the unclean-hands argument once before. As this Court stated in Vasiliadis's prior appeal:

> Vasiliadis further contends that Rubaii was not entitled to equitable relief because his hands were unclean. . . .However, Vasiliadis contends that Rubaii's transgression was failing to remit the payoff funds within the redemption period. Specifically, the redemption funds could not have been released until two days after the redemption period expired. As noted, this situation was created by Vasiliadis and her attorney, not Rubaii. The redemption funds could have been presented much earlier in the redemption period had Vasiliadis not actively interfered with Rubaii's attempt to secure financing.

In the third appeal, Vasiliadis claims Rubaii has unclean hands due to his initial breach of the land contract, and argues it is likewise a substantial breach, implicating the doctrine. Rubaii argues in response that Vasiliadis has unclean hands, supported by the district court's finding that the Vasiliadis acted in bad faith and engaged in wrongdoing, and this Court's determination there was fraud on Vasiliadis's part. Rubaii deflects Vasiliadis's assertion that Rubaii had unclean hands

by arguing the opposite—that, in fact, Vasiliadis has unclean hands because she repeatedly acted in bad faith and prevented redemption of the property. Vasiliadis's claim that Rubaii is precluded from collecting attorney fees fails at the outset because the parties' dispute is a breach of contract action. A claim must be equitable in nature for equitable doctrines, such as the unclean-hands doctrine, to apply. *Rose*, 466 Mich at 467-468. See also *McFerren v B & B Inv Group*, 253 Mich App 517; 655 NW2d 779 (2002).

Here, neither party seeks an equitable remedy, and Vasiliadis's claim arises from her assertion that Rubaii improperly breached the land contract. As this Court determined in the prior appeal: "The redemption period was included in a consent judgment reached by the parties. Such a settlement is a contract." Again, the remedy available under the consent judgment would be breach of contract; there is no equitable remedy here for which the doctrine of unclean hands to apply. *Rose*, 466 Mich at 467-468. Thus, application of the unclean-hands doctrine to Rubaii is not justified.

Affirmed in part, reversed in part and remanded for further proceedings solely on the issue of the parties' requests for attorney fees. We do not retain jurisdiction. Neither party is entitled to costs. MCR 7.219

/s/ Michael J. Riordan
/s/ Stephen L. Borrello
/s/ Anica Letica