*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOANNE SANDLER-GOLDBERG,

      Plaintiff,

v

BLOOMFIELD VILLAGE, LLC,

      Defendant-Appellant,

and

LIBRARY SPORTS PUB W-B,

      Defendant-Appellee.

UNPUBLISHED
November 30, 2023

No. 361981
Oakland Circuit Court
LC No. 2021-188499-NO

Before: LETICA, P.J., and BORRELLO and RIORDAN, JJ.

RIORDAN, J. (*dissenting*).

I respectfully dissent.

Here, as the majority notes, the trial court denied Bloomfield's motion for leave to file a supplemental pleading stating a cross-claim on the basis of futility. See *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997). In other words, the trial court reasoned, the cross-claim itself was meritless because the indemnification provision of the Lease does not require Library Pub to indemnity Bloomfield in this case. Therefore, the issue before us on appeal is whether the trial court is correct that the indemnification provision does not require Library Pub to indemnify Bloomfield.

The indemnification provision states as follows:

> The Tenant indemnifies the Landlord, its officers, directors, stockholders, agents, members and employees from all liabilities, losses, damages, and claims of any kind (including reasonable attorneys' fees) because of any injury, damage, or

death to persons or property resulting from the negligence or willful misconduct of the Tenant or, the Tenant's agents, employees, customers or suppliers.

Foundational to this inquiry is the fact that the trial court determined that the negligence of plaintiff caused her injury, a determination that neither party on appeal disputes and that they relied upon in their respective motions for summary disposition. While the common law recognizes that a premises possessor generally has a duty to protect invitees from foreseeable harm, *Bailey v Schaaf*, 494 Mich 595, 604-605; 835 NW2d 413 (2013), every adult has a duty to exercise reasonable care for his or her own safety, *Berry v J&D Auto Dismantlers, Inc*, 195 Mich App 476, 484; 491 NW2d 585 (1992). Accordingly, a plaintiff has a duty to act for his or her own protection in the manner that a reasonable person would under the circumstances. See *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 33; 761 NW2d 151 (2008). Consistent with this duty for one's own safety, Michigan law, until recently, recognized a coexistence of its comparative-negligence doctrine and the open-and-obvious danger rule. *Riddle v McLouth Steel Prods Corp*, 440 Mich 85, 99-100; 485 NW2d 676 (1992).

Therefore, plaintiff's negligence was recognized by the trial court's ruling that the concrete differential of the sidewalk constituted an open-and-obvious hazard, which plaintiff had a duty to notice in the exercise of reasonable care for her own safety. See *Bertrand v Alan Ford, Inc*, 449 Mich 606, 616; 537 NW2d 185 (1995). In other words, the trial court determined that plaintiff's negligence caused her injury.

Additionally, attorney fees are specifically mentioned within the indemnification provision as an item within the broad category of "all liabilities, losses, damages and claims of any kind." When attorney fees are incurred to defend against a claim, as here, they are reasonably understood as a "loss . . . of any kind." Thus, given these expansive terms of the indemnification provision, I conclude that Library Pub may, in certain cases, be liable for indemnifying Bloomfield for attorney fees incurred in defending against a claim.[1] Further, these expansive terms are sufficiently broad to encompass other litigation expenses as well.

More importantly, the indemnification provision applies to such losses that are incurred "because of any injury . . . to persons . . . resulting from the negligence . . . of the Tenant's . . . customers[.]" In this case, plaintiff suffered injury "resulting from" her own negligence. As a consequence of her injury, she filed a complaint against defendants, which Bloomfield was required to defend against by spending money on attorney fees and other expenses. Thus, "because of" plaintiff's injury, Bloomfield incurred a financial "loss." In other words, but for the injury, Bloomfield would not have incurred that "loss." For these reasons, Bloomfield incurred a "loss[] . . . because of any injury . . . to persons . . . resulting from . . . negligence," and the only remaining

---

[1] Library Pub suggests that it cannot be liable for attorney fees, at least in this case, because there was no "duty to defend" provision within the Lease. I disagree. "Defend" means "to deny, contest, or oppose." *Ajax Paving Indus, Inc v Vanopdenbosch Constr Co*, 289 Mich App 639, 649; 797 NW2d 704 (2010) (quotation marks and citation omitted). In contrast, "indemnity contemplates reimbursement for injuries/losses that have already been incurred." *Id*. Thus, while Library Pub is not obligated to provide a legal defense to Bloomfield, it may be obligated to reimburse Bloomfield for its own legal defense.

question is whether plaintiff was a "customer" of Library Pub at the time, such that the injury "result[ed] from" the negligence of a "customer."

Central to the issue before us is whether plaintiff was a "customer" of the Library Pub when she tripped in Bloomfield's common area. Under the circumstances of this case, where plaintiff had immediately left the premises of Library Pub, I would determine that she still was a "customer" of Library Pub at the time as the Lease contemplates that a "customer" of Library Pub need not be within the premises of Library Pub. In particular, Section 8(A) of the Lease defines "common areas" as including "areas generally available for use of the tenants and their customers in the Shopping Center (e.g., parking areas, roads, sidewalks, etc.)." This suggests that a "customer" of Library Pub may be in a common area such as a parking lot. Similarly, Section 7(B) provides that "[i]f the Landlord determines that the Tenant or its employees or agents or invitees have abused . . . the adjoining or connecting sewer lines or mains . . . then the Tenant must pay all expense of any breakage . . . ." Although this provision uses the term "invitees," not "customers," it nonetheless indicates that Library Pub may be liable for the conduct of its customers outside the confines of Library Pub itself.[2] Thus, when the Lease is read as a whole, the term "customer" may apply to individuals outside the premises of Library Pub.

For these reasons, I would conclude that, on the record before us, the indemnification provision of the Lease requires Library Pub to indemnify Bloomfield for the attorney fees and litigation expenses that Bloomfield incurred in defending against plaintiff's claim. At a minimum, the trial court abused its discretion by denying Bloomfield's motion to file a supplemental pleading to state a cross-claim against Library Pub. Accordingly, I would reverse the trial court's order that denied its motion to file a supplemental pleading stating a cross-claim against Library Pub, and remand to that court for further proceedings consistent with this dissent.

/s/ Michael J. Riordan

---

[2] Plaintiff describes herself as an invitee.