*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CAMERON HOLLOWAY,

         Plaintiff/Counterdefendant-Appellant,

v

MICHIGAN EDUCATION SPECIAL SERVICES
ASSOCIATION,

         Defendant/Counterplaintiff-Appellee.

UNPUBLISHED
March 21, 2024

No. 365136
Wayne Circuit Court
LC No. 21-001518-NF

Before: CAVANAGH, P.J., and JANSEN and MALDONADO, JJ.

PER CURIAM.

Plaintiff/counterdefendant, Cameron Holloway, appeals by right the trial court's order granting summary disposition in favor of defendant/counterplaintiff, Michigan Education Special Services Association ("MESSA") pursuant to MCR 2.116(C)(10) (genuine issue of material fact). We affirm.

## I. BACKGROUND

The facts giving rise to this appeal began when Holloway was hit by a car and needed medical treatment. Holloway was insured by a no-fault automobile insurance provider and was also covered by a MESSA health insurance policy, underwritten by Blue Cross Blue Shield of Michigan ("BCBSM"). Holloway's no-fault insurance provider was first in priority, before MESSA and BCBSM. However, BCBSM initially paid Holloway's medical expenses arising from the accident, a total of $60,432.23. Following litigation, Holloway subsequently recovered no-fault benefits in the same amount, and MESSA asserts it is entitled to reimbursement, subrogation, or a lien on the funds Holloway received in the no-fault litigation.

Messa's position that it is entitled to reimbursement of the funds it paid to Holloway is supported by the following language in Holloway's medical plan:

**Subrogation: When others are responsible for illness or injury**

If MESSA/BCBSM paid claims for an illness or injury, and:

o  Another person caused the illness or injury, or

o  You are entitled to receive money for the illness or injury

Then MESSA/BCBSM is entitled to recover the amount of benefits it paid on your behalf.

Subrogation is MESSA/BCBSM's right of recovery. MESSA/BCBSM is entitled to its right of recovery even if you are not "made whole" for all of your damages in the money you receive. MESSA/BCBSM's right of recovery is not subject to reduction of attorney's fees, costs or other state law doctrines such as common fund.

Whether you are represented by an attorney or not, this provision applies to:

o  You

o  Your covered dependents

* * *

**MESSA/BCBSM may:**

o  Seek a first priority lien on proceeds of your claim in order to fulfill MESSA/BCBSM's right of recovery.

o  Request you to sign a reimbursement agreement.

o  Delay processing of your claims until you provide a signed copy of the reimbursement agreement.

o  Offset future benefits to enforce MESSA/BCBSM's right of recovery.

Holloway filed a complaint for declaratory judgment, requesting the trial court distribute funds from his no-fault litigation to him, in the amount of $60,432.23; the funds were held in his attorney's IOLTA account for the duration of the litigation. MESSA asserted a counterclaim against Holloway, requesting the trial court enter a judgment declaring MESSA is entitled to reimbursement, subrogation, or a lien against the no-fault funds, under Holloway's medical plan with MESSA. MESSA moved for summary disposition pursuant to MCR 2.116(C)(10), asserting Holloway's medical plan with MESSA was an unambiguous contract, which gave MESSA the right to recover monies it paid to Holloway from the proceeds obtained in the no-fault litigation. MESSA further argued it not only had the right to pursue a lien, but was obligated to do so, based on its agreement with BCBSM. A letter between MESSA and BCBSM established that BCBSM designated MESSA as its agent to pursue recovery against Holloway.

The trial court granted summary disposition in favor of MESSA, and this appeal followed.

## II.  STANDARDS OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition in an action for a declaratory judgment." *Lansing Sch Ed Ass'n v Lansing Bd of Ed (On Remand)*, 293 Mich App 506, 512-513; 810 NW2d 95 (2011).

> A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim.  When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion.  A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact.  A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ.  [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks, citations, and emphasis omitted).]

Finally, "the interpretation of a contract is a question of law reviewed de novo on appeal, including whether the language of a contract is ambiguous and requires resolution by the trier of fact." *Reed v Reed*, 265 Mich App 131, 141; 693 NW2d 825 (2005).

## III.  ANALYSIS

The trial court properly decided that the plain language of the parties' insurance contract unambiguously entitles MESSA to recover reimbursement of funds expended when Holloway's expenses are also paid by a different source.

At the outset, we note that, contrary to Holloway's assertions, the trial court did not partake in impermissible fact-finding.  Holloway insists that BCBSM paid his benefits and that the trial court erred by impermissibly finding that it was MESSA that paid.  Simply put, it does not matter if the benefits were paid by BSBSM or MESSA because the contract provides that either entity may collect benefits paid by either entity.  The trial court correctly concluded that the crux of this case is whether MESSA is entitled to funds under the parties' contract.  "[I]nsurance policies are subject to the same contract construction principles that apply to any other species of contract." *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005).  "A contract must be interpreted according to its plain and ordinary meaning.  When the language of the contract is clear and unambiguous, interpretation is limited to the actual words used, and an unambiguous contract must be enforced according to its terms." *Ajax Paving Indus, Inc v Vanopdenbosch Constr Co*, 289 Mich App 639, 644; 797 NW2d 704 (2010).

The plain language of Holloway's insurance plan unambiguously provides that MESSA and BCBSM are entitled to recover benefits paid on Holloway's behalf if MESSA or BCBSM paid claims for an injury and (1) another person caused the injury, or (2) Holloway is entitled to receive money for the injury.  The provision is applicable to the policyholder and the policyholder's covered dependents.  Nothing in the contract suggests that MESSA cannot collect on behalf of BCBSM.  The medical plan further provided MESSA and BCBSM a right to (1) seek a first priority lien on the proceeds of Holloway's claim to fulfill the right to recovery; (2) request Holloway sign a reimbursement agreement; (3) delay processing of claims until Holloway provides a signed

reimbursement agreement; and (4) offset future benefits to enforce MESSA's and BCBSM's right to recovery. Holloway argues MESSA never obtained a valid lien under the parties' agreement because he never signed a reimbursement agreement or lien. Although the contract provides MESSA *may* request Holloway to sign a reimbursement agreement, it does not condition MESSA's right to recovery of funds on doing so. Rather, MESSA is permitted to assert a lien on the funds irrespective of whether Holloway signs a reimbursement agreement. The contract presents the reimbursement agreement as one avenue MESSA can take to secure its right to reimbursement, but it is not a requirement. The contract confers upon MESSA a right to reimbursement of funds BCBSM paid to Holloway, which Holloway later recovered in his no-fault litigation, and the contract provides MESSA may pursue funds owed by asserting a lien. Holloway argues MESSA cannot recover funds because the subrogation right belongs to BCBSM, not MESSA; this argument is without merit because the plain language of the contract unambiguously provides that both BCBSM and MESSA have a right to reimbursement. Moreover, MESSA produced a letter from BCBSM's general counsel acknowledging that MESSA agreed to pursue the recovery of benefits on BCBSM's behalf. In this letter, BCBSM designated MESSA as its agent to pursue recovery.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Allie Greenleaf Maldonado