*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARTAZ COLEMAN,

   Plaintiff-Appellant,

v

MAGNI INDUSTRIES, INC,

   Defendant-Appellee.

UNPUBLISHED
October 24, 2024
10:17 AM

No. 366547
Wayne Circuit Court
LC No. 22-010380-NO

Before: CAMERON, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff suffered extensive burns and injuries from an accident at work. Plaintiff had signed an agreement that shortened the statute of limitations in a lawsuit against defendant to 180 days. Plaintiff sued defendant nearly three years after his injury, and the trial court dismissed plaintiff's lawsuit. We affirm.

## I. BACKGROUND

Plaintiff began to work for defendant in August 2018, at which point he was 17 years old. Plaintiff signed the following agreement:

> As a condition of employment or continued employment, unless otherwise provided for by law, I agree not to file any action or suit relating to my employment more than 180 calendar days after the event and/or employment practice or action complained of including, but not limited to, employment termination and discrimination claims, claims for wages, salary, commissions, or expenses, and to waive any state or federal statutes of limitations to the contrary. I understand that the statu[t]e of limitations for claims arising out of an employment action may be longer than 180 calendar days, and agree that any employer action that is the subject of a lawsuit or action is barred if it is not filed within the 180 day period unless otherwise provided for by law. This provision does not prohibit the timely filing of a charge with a federal administrative agency under federal law, but unless filed within 180 days (or in less time if any applicable law requires), I waive the right to recover money damages or other relief. Filing a charge or claim with an

-1-

administrative agency or internally with the employer does not toll the 180 calendar day period for filing a civil suit.

Plaintiff also signed a Statement of Employment that provided: "The undersigned expressly disclaims any reliance upon written statements of firm policy or procedure or any oral or written promises regarding continued employment."

Plaintiff turned 18 years old in November 2018. In October 2019, plaintiff was seriously injured in an explosion at work. Plaintiff ultimately needed more than 20 surgical procedures and rehabilitation. At one point, plaintiff was placed in a medically induced coma because of the pain he was experiencing. Plaintiff was discharged from the hospital in January 2020, at which point he went to a rehabilitation center until February 2020. Plaintiff's parents were granted co-guardianship and co-conservatorship of plaintiff in January 2020, which expired in January 2021.

According to affidavits from plaintiff and his mother, in the first 180 days after sustaining his injuries, plaintiff could "not walk more than a few steps without having to sit down," use the bathroom or bathe on his own, scratch himself, hold a cup, or use a phone. Plaintiff required full-time care, and, because he was "extremely distraught and mentally drained from [his] injuries," he could only think about his health during that period. Further, plaintiff "could barely speak for about a year after the incident due to a paralyzed vocal cord." Plaintiff was unable to work and received workers' compensation benefits.

In August 2022, plaintiff sued defendant. In answer to discovery in November 2022, plaintiff asserted that he was a minor when he signed the agreement and lacked the capacity to sign it. Defendant moved for summary disposition under MCR 2.116(C)(7) and (10), arguing that plaintiff's action was time-barred by the 180-day contractual-limitations period. In response, plaintiff argued that it was impossible for him to sue within 180 days; the terms of the agreement did not apply to this action; plaintiff did not ratify the contract upon turning 18; and the policy violated public policy because it undermined the intentional-tort exception to the Worker's Disability Compensation Act (WDCA) and undermined the Legislature's intent to protect a minor's interests.

The trial court found that the shortened limitations period applied and that plaintiff did not repudiate the contract after turning 18. Further, the trial court found that plaintiff could not perform under the contract from the time of the accident until his parents became his guardians and conservators in January 2020, but his parents did not repudiate the contract. As to public policy, the trial court found that the shortened period of limitations did not violate public policy because a minor could ratify a contract by continuing to work and receive benefits after reaching the age of majority, and plaintiff worked for 11 months after turning 18 before the accident occurred. Because plaintiff did not repudiate the contract until his November 2022 discovery answers, the trial court granted defendant's motion and dismissed the case.

Plaintiff now appeals.

## II. ANALYSIS

We review de novo a trial court's decision to grant a motion for summary disposition. *Sherman v City of St. Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020). "When deciding a

motion for summary disposition under MCR 2.116(C)(10), we consider the evidence submitted in a light most favorable to the nonmoving party." *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2021). "Summary disposition is appropriate when there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. (cleaned up).

A motion for summary disposition made on the basis of a plaintiff's claim being time-barred by a statute of limitations is properly brought under MCR 2.116(C)(7). See *Burton v Macha*, 303 Mich App 750, 754; 846 NW2d 419 (2014). "All well-pleaded allegations are viewed in the light most favorable to the nonmoving party unless documentary evidence is provided that contradicts them." *Haksluoto v Mt. Clemens Regional Med Ctr*, 500 Mich 304, 309; 901 NW2d 577 (2017).

By enacting the WDCA, our Legislature struck a balance between the rights and the duties of employers and employees. In exchange for more certain and timely benefits for disabled employees, the Legislature narrowed employers' exposure to lawsuits. *Wittenberg v Bulldog Onsite Solutions, LLC*, 345 Mich App 550, 555; 7 NW3d 95 (2023). Consistent with this, "[a]n employee who falls within the WDCA's framework is subject to the exclusive-remedy provision of the act, MCL 418.131(1)." *Id*. MCL 418.131(1) provides, in part, that "[t]he right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The *only* exception to this exclusive remedy is an *intentional tort*." (Emphasis added.)

Under MCL 600.5805(2), the limitations period for a personal-injury suit is generally three years. Parties to a contract may, however, agree to a shortened limitations period. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 30; 772 NW2d 801 (2009). "An unambiguous contractual provision providing for a shortened limitations period is to be enforced as written unless the provision violates the law or public policy or is otherwise unenforceable under traditional contract defenses, including duress, waiver, estoppel, fraud, or unconscionability." *Id*. It is "presume[d] that one who signs a written agreement knows the nature of the instrument so executed and understands its contents." *Galea v FCA US LLC*, 323 Mich App 360, 369; 917 NW2d 694 (2018) (cleaned up).

Plaintiff first argues that the limitations provision did not apply because the term "employment action" refers to lawsuits involving the terms and conditions of a party's employment, such as compensation, rather than to *any* suit related to employment, such as an intentional-tort claim under the WDCA. In the contract, however, plaintiff "agree[d] not to file *any action or suit relating to [his] employment* more than 180 calendar days after the event" (emphasis added). "When the language of the contract is clear and unambiguous, interpretation is limited to the actual words used, and an unambiguous contract must be enforced according to its terms." *Ajax Paving Indus, Inc v Vanopdenbosch Constr Co*, 289 Mich App 639, 644; 797 NW2d 704 (2010). The limitations provision, therefore, applied to any lawsuit related to plaintiff's employment, and his workplace tort satisfies this condition.

Next, plaintiff argues that the agreement was invalid because he also signed the statement of employment, which he contends disclaimed the applicability of the limitations agreement. This statement provided that plaintiff "expressly disclaims any reliance upon written statements of firm

policy or procedure or any oral or written promises *regarding continued employment*" (emphasis added). The provision, when read in its entirety, did not disclaim every written statement made by defendant, but, instead, only disclaimed plaintiff's reliance on defendant's written statements regarding *continued employment*. Plaintiff's workplace tort has no relationship to any continued employment. Accordingly, the trial court did not err by finding that the 180-day limitations period applied to this action.

Plaintiff argues next that his contractual duty to pursue his claim within 180-days was discharged on the basis of impossibility/impracticability. "A promisor's liability may be extinguished in the event his or her contractual promise becomes objectively impossible to perform." *Roberts v Farmers Ins Exch*, 275 Mich App 58, 73; 737 NW2d 332 (2007). "Although absolute impossibility is not required, there must be a showing of impracticability because of extreme and unreasonable difficulty, expense, injury or loss involved." *Id*. (cleaned up).

The trial court acknowledged that plaintiff was not able to repudiate the contract between October 2019, when the accident occurred, and January 2020, when his parents were appointed co-guardians and co-conservators. Likewise, it would have been impossible for plaintiff to sue during that period. Even if plaintiff remained unable to perform under the agreement after his release from the hospital in February 2020, however, his co-guardians could have filed suit in the 180 days following their appointment or plaintiff's release from the hospital.

The guardianship expired in January 2021. Even if that were the starting period for the 180-day limit, giving plaintiff's parents the benefit of impracticability of performing on the basis of caring for plaintiff, plaintiff did not sue until August 2022, more than a year-and-a-half after the guardianship expired, and almost three years after the accident. Therefore, even giving plaintiff the greatest benefit of doubt and starting the 180-day limitations period in January 2021, he did not comply with the limitations period.

Plaintiff also argues, however, that the contractual limitation was unenforceable because it violates Michigan public policy. To preserve an issue for appeal, "a party need only bring the issue to the court's attention—whether orally or in a brief or both." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 228; 964 NW2d 809 (2020). Plaintiff raised the issue of public policy before the trial court, but argued that the limitations provision was contrary to public policy because he was a minor when he entered the agreement, and the provision undermined the intentional-tort exception of the WDCA. Plaintiff argues for the first time on appeal that the agreement violated public policy because he was injured during the limitations period resulting in his inability to thoroughly investigate his intentional-tort claim. This issue is, therefore, unpreserved.

"In civil cases, Michigan follows "the 'raise or waive' rule of appellate review." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090) (cleaned up); slip op at 2. When "a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue." *Id*. at ___; slip op at 3. Here, plaintiff did not "show that the same basis for the error claimed on appeal was brought to the trial court's attention." *Id*. at ___; slip op at 2-3. Thus, the claim is waived for appellate review.

Even had plaintiff not waived the issue, however, the claim lacks merit. "[A]n unambiguous contractual provision providing for a shortened period of limitations is to be enforced

as written unless the provision would violate law or public policy." *Rory v Continental Ins Co*, 473 Mich 457, 470; 703 NW2d 23 (2005). Our Supreme Court has further explained that "determination of Michigan's public policy is not merely the equivalent of the personal preferences of a majority of this Court; rather, such a policy must ultimately be clearly rooted in the law." *Id*. at 470-471 (cleaned up). "Michigan has no general policy or statutory enactment which would prohibit private parties from contracting for shorter limitations periods than those specified by general statutes." *Id*. at 471 (cleaned up). When determining public policy, "we must look to policies that, in fact, have been adopted by the public through our various legal processes, and are reflected in our state and federal constitutions, our statutes, and the common law." *Id*. (cleaned up).

To invalidate a contractual provision on the basis of public policy, there must be an objective basis in the law to establish the existence of such public policy. See *Smith v Town & Country Props II, Inc*, 338 Mich App 462, 478; 980 NW2d 131 (2021). Plaintiff relies, in part, on our Supreme Court's decision in *Price v Hopkin*, 13 Mich 318, 325 (1865), in which the Court explained that a statute of limitations must "afford a reasonable time within which suit may be brought." This does not establish that the 180-day limitations period was unreasonable or against public policy. Moreover, as defendant argues, our Supreme Court has explained, "A mere judicial assessment of 'reasonableness' is an invalid basis upon which to refuse to enforce contractual provisions." *Rory*, 473 Mich at 470. Plaintiff has not pointed to any objective sources in our law that support his public-policy argument. See *id*. at 470-471.

Plaintiff argues the limitations provision violated public policy because, due to his injuries, he was unable to meet the "extremely high standard of proof" required in an intentional-tort claim under the WDCA. Plaintiff did not, however, need to possess every piece of evidence against defendant at the time that he sued. Instead, under Michigan's notice-pleading standard, a plaintiff must reasonably inform the adverse party of the nature of his claims after performing a reasonable inquiry of the facts and law at issue. MCR 1.109(E)(5)(b); MCR 2.111(B)(1). As in fact took place in this case, plaintiff would have had the opportunity to engage in discovery to meet his ultimate burden.

Because there are no general policies or statutory enactments in Michigan prohibiting shortened periods of limitation, and this contractual provision was unambiguous, the trial court did not err by granting defendant's motion for summary disposition. See *Clark v DaimlerChrysler Corp*, 268 Mich App 138, 142; 706 NW2d 471 (2005).

Affirmed.

/s/ Thomas C. Cameron
/s/ Brock A. Swartzle

-5-